UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THOMAS MINER, IV,

    Plaintiff,

                                      CASE NO.:

vs.

THE DAVEY TREE EXPERT
COMPANY,

    Defendant.                             /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, THOMAS MINER, IV, ("MINER" or "Plaintiff") was an employee of Defendant, THE DAVEY TREE EXPERT COMPANY, ("DAVEY" or "Defendant") and brings this action for unpaid overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. §216(b) and 29 U.S.C. 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional

recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

7. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 as they arise under the FLSA, 29 U.S.C. §201, *et seq*.

8. Defendant, DAVEY, conducts business in, among others, Sumter County, Florida, therefore venue is proper in the Middle District of Florida, Ocala Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

9. Defendant, DAVEY, a Foreign Profit Corporation, is in the business of operating a tree and landscape business in Florida and headquartered in Ohio located at 1500 N. Mantua Street, Kent, Ohio 44240.

10. Plaintiff, MINER, was classified by Defendant as a "second assistant manager and irrigation technician" to perform duties for Defendant in Defendant's golf division from on or around May 2019 through September 2020.

## COVERAGE

11. At all material times hereto, Defendant was, and continues to be, an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

12. At all material times, Defendant was an "employer" as defined by 29 U.S.C. § 203(d).

13. Based upon information and belief, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

14. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. vehicles, lawn equipment and/or electronics).

15. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

16. Defendant, DAVEY, is among other things, a multinational corporation that provides tree, utility, lawn care, and environmental consulting services in the green industry throughout the United States and Canada to its customers. https://www.davey.com/about/.

17. Plaintiff was hired to work in Defendant's golf division and was assigned to perform duties at golf course(s) within the "Villages" community located in Sumter, County, Florida.

18. Plaintiff's primary duties included irrigation and turf management, which involved ensuring that the golf course was set up correctly.

19. Plaintiff worked in this capacity from on or around March 2019 through September 2020.

20. Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

21. Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

22. Throughout his employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours per week during one or more workweeks.

23. Despite working more than forty (40) hours per week during one or more work weeks, Defendant failed to pay Plaintiff overtime compensation at a rate of time and one-half times his regular rate of pay for hours worked over forty (40) in a workweek, contrary to §207(a) of the FLSA.

24. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

25. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

26. Defendant had acted willfully in failing to pay Plaintiff in accordance with the law.

27. Defendant failed to maintain proper time records as mandated by law.

28. Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1- 28 above.

30. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

31. During the relevant time period (the last three years) throughout his employment with Defendant, Plaintiff worked overtime hours without receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.

32. Plaintiff should have earned time and one-half compensation for each hour worked in excess of forty (40) hours per workweek.

33. Defendant had knowledge of the overtime hours worked by Plaintiff.

34. Defendant is aware of the laws which require its employees to be paid overtime compensation on a week by week basis.

35. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

36. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff his proper overtime wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

37. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

38. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

    a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek as allowable under the statute of limitations;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 12/4/2020

Respectfully submitted by,

Kimberly De Arcangelis, Esq.
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: KimD@forthepeople.com
Trial Attorneys for Plaintiff